JS 44 (Rev. 11/04)    **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Calvin Broadus, c/o Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067

## DEFENDANTS

Gary Barbera Enterprises, Inc.
7810 Roosevelt Boulevard
Philadelphia, PA 19152

(b) County of Residence of First Listed Plaintiff   Los Angeles County, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorneys (Firm Name, Address, and Telephone Number)
Ellen Rosen Rogoff (Pa. I.D. #43648), Eric M. Hurwitz (Pa. I.D. #84251)
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal of 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organi- zations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☒ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIW C/DIW W(405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAXSUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Informa- tion Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS– Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Deter- mination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/ Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Status under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §§ 1114, 1125(a), 1125(c)

Brief description of cause: Lanham Act – Trademark Infringement & Unfair Competition

## VII. REQUESTED IN complaint:

☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $ 2,000,000   CHECK YES only if demanded in

COMPLAINT:   UNDER F.R.C.P. 23   JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY   N/A

(See instructions):   JUDGE _____ DOCKET NUMBER _____

DATE
August 30, 2005

SIGNATURE OF ATTORNEY OF RECORD
EH 449

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiffs:  Calvin Broadus, c/o Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA  90067

Address of Defendants:  Gary Barbera Enterprises, Inc., 7810 Roosevelt Boulevard, Philadelphia, PA  19152

Place of Accident, Incident or Transaction:  Philadelphia, PA

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in Accordance with Fed. R. Civ. P. 7.1(a))        Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?        Yes ☐   No ☒

*RELATED CASE IF ANY*

Case Number: _____        Judge _____        Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?        Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?        Yes ☐   No ☒ *

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?        Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

| A. | *Federal Question Cases:* | | B. | *Diversity Jurisdiction Cases:* |
|----|----|----|----|----|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. ☐ | Insurance Contract and Other Contracts |
| 2. | ☐ | FELA | 2. ☐ | Airplane Personal Injury |
| 3. | ☐ | Jones Act-Personal Injury | 3. ☐ | Assault, Defamation |
| 4. | ☐ | Antitrust | 4. ☐ | Marine Personal Injury |
| 5. | ☐ | Patent | 5. ☐ | Motor Vehicle Personal Injury |
| 6. | ☐ | Labor-Management Relations | 6. ☐ | Other Personal Injury (Please notify) |
| 7. | ☐ | Civil Rights | 7. ☐ | Products Liability |
| 8. | ☐ | Habeas Corpus | 8. ☐ | Products Liability — Asbestos |
| 9. | ☐ | Securities Act(s) Cases | 9. ☐ | All other Diversity Cases (Please specify) |
| 10. | ☐ | Social Security Review Cases | | |
| 11. | ☒ | **All other Federal Question Cases** **(Please specify)**  Trademark and Unfair Competition | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Eric M. Hurwitz, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $100,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE  August 30, 2005        EH 449        84251
        Eric M. Hurwitz, Esquire        Attorney I.D.#

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

* I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  August 30, 2005        EH 449        84251
        Attorney I.D.#

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiffs:  Calvin Broadus, c/o Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA  90067

Address of Defendants:  Gary Barbera Enterprises, Inc., 7810 Roosevelt Boulevard, Philadelphia, PA  19152

Place of Accident, Incident or Transaction:  Philadelphia, PA

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? (Attach two copies of the Disclosure Statement Form in Accordance with Fed. R. Civ. P. 7.1(a))                    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?                    Yes☐  No☒

*RELATED CASE IF ANY*

Case Number: _____    Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                    Yes☐  No☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                    Yes☐  No☒*

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                    Yes☐  No☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

| A. | *Federal Question Cases:* | | B. | *Diversity Jurisdiction Cases:* |
|---|---|---|---|---|
| 1. | ☐ | Indemnity Contract, Marine Contract, and All Other Contracts | 1. | ☐ Insurance Contract and Other Contracts |
| 2. | ☐ | FELA | 2. | ☐ Airplane Personal Injury |
| 3. | ☐ | Jones Act-Personal Injury | 3. | ☐ Assault, Defamation |
| 4. | ☐ | Antitrust | 4. | ☐ Marine Personal Injury |
| 5. | ☐ | Patent | 5. | ☐ Motor Vehicle Personal Injury |
| 6. | ☐ | Labor-Management Relations | 6. | ☐ Other Personal Injury (Please notify) |
| 7. | ☐ | Civil Rights | 7. | ☐ Products Liability |
| 8. | ☐ | Habeas Corpus | 8. | ☐ Products Liability — Asbestos |
| 9. | ☐ | Securities Act(s) Cases | 9. | ☐ All other Diversity Cases (Please specify) |
| 10. | ☐ | Social Security Review Cases | | |
| 11. | ☒ | **All other Federal Question Cases** | | |

**(Please specify)  Trademark and Unfair Competition**

# ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Eric M. Hurwitz, Esquire, counsel of record do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $100,000.00 exclusive of interest and costs;

☒   Relief other than monetary damages is sought.

DATE  August 30, 2005 _____    EH 449 _____    84251 _____

Eric M. Hurwitz, Esquire          Attorney I.D.#

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*** I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE:  August 30, 2005 _____    EH 449 _____    84251 _____

Attorney I.D.#

**IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | |
|---|---|
| CALVIN BROADUS, | : |
| Plaintiff, | :      Civil Action No. |
| vs. | : |
| GARY BARBERA ENTERPRISES, INC., | :      **JURY TRIAL DEMANDED** |
| Defendant | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)      Habeas Corpus — Cases brought under 28 U.S.C. §2241 through §2255.      ( )

(b)      Social Security — Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c)      Arbitration — Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d)      Asbestos — Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e)      Special Management — Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f)      Standard Management — Cases that do not fall into any one of the other tracks.      ( X )

| | | |
|---|---|---|
| <u>August 30, 2005</u> | <u>EH 449</u> | <u>Plaintiff</u> |
| Date | Attorney-at-Law | Attorney for |
| | | |
| <u>215-564-8000</u> | <u>215-564-8120</u> | <u>ehurwitz@stradley.com</u> |
| Telephone | FAX Number | E-Mail Address |

SUMMONS IN A CIVIL ACTION

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CALVIN BROADUS,<br><br>                    Plaintiff,<br><br>v.<br><br>GARY BARBERA ENTERPRISES, INC.,<br><br>                    Defendant | CIVIL ACTION NO.<br><br><br>TO:    Gary Barbera Enterprises, Inc.<br>         7810 Roosevelt Boulevard<br>         Philadelphia, PA  19152 |
| **YOU ARE HEREBY SUMMONED** and required to serve upon | |
| PLAINTIFF'S ATTORNEY (name and address)<br><br>Ellen Rosen Rogoff, Esquire<br>Eric M. Hurwitz, Esquire<br>Stradley, Ronon, Stevens & Young, LLP<br>2600 One Commerce Square<br>Philadelphia, PA  19103 | |
| an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint | |

MICHAEL E. KUNZ, CLERK OF COURT                          Date


(BY) DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:_____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____
_____
_____

☐ Other (specify): _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service
and Statement of Service Fees is true and correct.

Executed on_____     _____
　　　　　　　　　　*Date*　　　　　　　　　　　　*Signature of Server*

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　*Address of Server*

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CALVIN BROADUS,
c/o Proskauer Rose LLP
2049 Century Park East
Suite 3200
Los Angeles, CA  90067,

            Plaintiff,

  vs.

GARY BARBERA ENTERPRISES, INC.,
7810 Roosevelt Boulevard
Philadelphia, PA  19152,

           Defendant

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Calvin Broadus, by his attorneys, Stradley, Ronon, Stevens & Young, LLP and Proskauer Rose LLP, for his Complaint against Defendant, Gary Barbera Enterprises, Inc., alleges as follows:

## INTRODUCTION

1.    Plaintiff, Calvin Broadus ("Broadus"), is the internationally known musical artist and actor professionally known as Snoop Dogg.  He is the owner of the federally registered SNOOP DOGG trademark.  In a blatant invasion of Broadus' trademark rights and rights of publicity, Defendant, Gary Barbera Enterprises, Inc. ("Defendant" or "Barbera") has used – without requesting (much less obtaining) authorization – Broadus' likeness in advertisements promoting Defendant's automobile business.  Broadus therefore brings this action to recover monetary damages for, and to enjoin further, trademark infringement, dilution,

unfair competition, and violation of his rights of privacy and publicity under the laws of the United States and the Commonwealth of Pennsylvania.

## PARTIES

2.      Broadus is a citizen and resident of the State of California.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 7810 Roosevelt Boulevard, Philadelphia, Pennsylvania 19152.  Upon information and belief, Defendant operates an automobile dealership under the trade name "Gary Barbera #1 Dodgeland," with an address located at 6719 Ridge Avenue, Philadelphia, Pennsylvania 19128.

## JURISDICTION AND VENUE

4.      This is an action for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a); and for trademark infringement, unfair competition, and unauthorized use of likeness under the statutory and common law of the Commonwealth of Pennsylvania.

5.      This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338(a).  The amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  Therefore, diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1332. This Court has subject matter jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1338(b) and principles of supplemental jurisdiction as reflected in 28 U.S.C. § 1367.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a resident of the Commonwealth of Pennsylvania and a substantial part of

2

the events which give rise to the claims herein described occurred in this district.

## FACTS

7.      Broadus has been a prominent recording artist and performer for over a decade, sold millions of albums, and appeared in numerous feature films, including Starsky and Hutch, Training Day, and Old School.  Broadus is also involved with multiple charities, including his Snoop Youth Football League, which works with inner-city youth.

8.      Broadus is the owner of United States Trademark Registration No. 2,697,128 for the SNOOP DOGG trademark for multiple goods and services, including musical sound recording, video recordings, clothing and apparel, and entertainment services in the nature of live musical performances and music-based entertainment.  A copy of the United States Patent and Trademark Office database record for SNOOP DOGG is attached hereto as Exhibit "A." Broadus uses his SNOOP DOGG trademark as his professional and performing name in connection with his career as a recording and performing artist, and television and motion picture actor.  In addition, Broadus' speech pattern associated with his professional likeness and the SNOOP DOGG trademark are well-known and attributed to him.

9.      Broadus has developed a valuable interest in his professional likeness, persona, speech pattern, and SNOOP DOGG trademark through substantial investment of time, effort, and money.

10.      As a result of his fame and popularity as a musical artist and actor, Broadus regularly receives financially lucrative offers to license use of his trademark and professional name, likeness, persona, and speech pattern to promote a wide variety of products. Broadus has carefully limited his merchandising activities to contractual arrangements by which he maintains control over the manner in which his professional likeness, persona, and speech

3

pattern and trademark are used.

11.     In or about August 2005, Defendant used Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark, without authorization, in an advertisement for Defendant's "Gary Barbera #1 Dodgeland" that was published in one or more Philadelphia, Pennsylvania area newspapers.

12.     Specifically, on August 22, 2005, two advertisements for "Gary Barbera #1 Dodgeland" appeared in the Philadelphia Daily News featuring a photograph of Broadus including the words "Is Bar-DIZZLE the SH-izzle?  Boy I Gu-IZZLE!"  These advertisements used the distinct speech pattern employed by Broadus and associated with his professional likeness and persona and SNOOP DOGG trademark.  Copies of the August 22, 2005 advertisements are attached to this Complaint as Exhibit "B."

13.     Defendant's misappropriation of Snoop Dogg's professional likeness, persona, and speech pattern and SNOOP DOGG trademark in the Barbera advertising campaign, as illustrated in the August 22, 2005 advertisements, was unlawful and unauthorized.

14.     Upon information and belief, the unauthorized use of the SNOOP DOGG trademark and Broadus' professional likeness, persona, and speech pattern in, at a minimum, the August 22, 2005 advertisements has caused confusion in the marketplace among consumers and among potential marketing and promotional partners of Broadus.  All of these potential consumers, potential marketing partners, and potential promoters are likely to believe that the advertising campaign, the August 22, 2005 advertisements, and Gary Barbera #1 Dodgeland are authorized or endorsed by Broadus.

15.     As a result of Defendant's unlawful and unauthorized use of Broadus' professional likeness, persona, and speech pattern and SNOOP DOG trademark, Broadus has

suffered monetary damages in an amount to be determined at trial, but not less than $2,000,000.

16.     In addition and as a result of the foregoing unlawful acts of the Defendant, Broadus is suffering irreparable harm for which he has no adequate remedy at law.  Unless Defendant is restrained by this Court from future unlawful and unauthorized use of Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark, Broadus will continue to suffer irreparable harm.

## COUNT ONE
### (Lanham Act Trademark Infringement, 15 U.S.C. § 1114)

17.     Plaintiff Broadus repeats and reasserts the allegations contained in paragraphs 1 through 16 as fully set forth herein.

18.     Broadus is the owner of a federal trademark registration for the SNOOP DOGG trademark.

19.     By his registration and extensive use and promotion of the SNOOP DOGG trademark, Broadus has established a strong association in the public mind between the SNOOP DOGG trademark and the goods and services offered by Broadus.

20.     Broadus has also established a strong association in the public mind between his distinctive manner of speech and his professional likeness and SNOOP DOGG trademark.

21.     Without Broadus' authorization or consent, Defendant has used the SNOOP DOGG trademark and/or a mark that is confusingly similar to the SNOOP DOGG trademark in interstate commerce to endorse and promote Defendant's own services.

22.     Through its advertising, Defendant has also used Broadus' distinctive manner of speech in association with Broadus' professional likeness and SNOOP DOGG

trademark to endorse and promote Defendant's own services.

23.     Upon information and belief, Defendant's acts of offering services using Broadus' trademark have caused actual confusion, mistake, and deception among relevant consumers as to endorsement and sponsorship of Defendant's services.  Defendant's acts have deceived the relevant public into believing that Defendant's services are associated with or are otherwise endorsed, sponsored, or authorized by Broadus, all to the damage and detriment of Broadus' reputation, good will, and sales.

24.     Defendant's unlawful acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25.     Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Broadus' expense.

26.     As a result of the unlawful acts described in this Complaint, Broadus is entitled to recover from the Defendant all damages that Broadus has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant a result of its infringing acts alleged above in an amount to be determined at trial.

27.     In addition, because Broadus has no adequate remedy at law to compensate him fully for the damages caused by Defendant's unlawful acts, as described herein, Broadus is entitled to a preliminary and permanent injunction prohibiting Defendant from unauthorized and unlawful use of Plaintiff's SNOOP DOGG trademark.

28.     As this is an exceptional case pursuant to 15 U.S.C. § 1117, Broadus is further entitled to three times the amount of profits or damages, whichever is greater, and attorneys' fees.

6

## COUNT TWO
## (Lanham Act Unfair Competition, 15 U.S.C. § 1125(a))

29.     Plaintiff Broadus repeats and reasserts the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     By misappropriating and using Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark, Defendant has misrepresented to the relevant public that Broadus has endorsed and sponsored Barbera's advertising campaign, including the August 22, 2005 advertisements, and Gary Barbera's #1 Dodgeland, thereby creating a likelihood of confusion as to the source or sponsorship of Defendant's business and services.

31.     Defendant has unlawfully used Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark in interstate commerce to sell and promote Defendant's services for profit and benefit.  Defendant's use of Broadus' properties falsely represents or creates the impression in the consumer's mind that Defendant and Broadus are associated, connected, or affiliated.  Such false representation is likely to cause damage to Broadus' business reputation, image, and goodwill.

32.     Defendant has falsely asserted rights in Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark.  By these acts and associated acts, including (a) complete lack and denial of attribution and (b) misrepresentation of a relationship between Defendant and Broadus, Defendant has made false and misleading representations and laid false claim to the intellectual property of Broadus--all to the harm of Broadus.

33.     Defendant's use of designations the same as or deceptively similar to Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark, including use in commerce of these designations in connection with its advertising campaign,

7

and Defendant's use of Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark in promoting its various services falsely designate the origin of such services as being in some way connected with or licensed, authorized, or approved by Broadus.

34.     Defendant's unlawful conduct constitutes unfair competition, false representation, and false designation of origin in violation of Lanham Act Section 43(a), 15 U.S.C. §1125(a).

35.     Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Broadus' expense.

36.     As a result of the unlawful acts described in this Complaint, Broadus is entitled to recover from the Defendant all damages that Broadus has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant a result of its unfair acts alleged above in an amount to be determined at trial.

37.     In addition, because Broadus has no adequate remedy at law to compensate him fully for the damages caused by Defendant's unlawful acts, as described herein, Broadus is entitled to a preliminary and permanent injunction prohibiting Defendant from unauthorized and unlawful use of Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark.

38.     As this is an exceptional case pursuant to 15 U.S.C. § 1117, Broadus is further entitled to three times the amount of the profits or damages, whichever is greater, and attorneys' fees.

### COUNT THREE
### (Pennsylvania Trademark Infringement)

39.     Plaintiff Broadus repeats and reasserts the allegations contained in

paragraphs 1 through 38 as if fully set forth herein.

40.    Defendant's acts and infringements described herein constitute trademark infringement under the laws of the Commonwealth of Pennsylvania, including, without limitation, 54 Pa. Cons. Stat. § 1126.

41.    Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Broadus' expense.

42.    As a result of the unlawful acts described in this Complaint, Broadus is entitled to recover from Defendant all damages that Broadus has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant a result of its infringing acts alleged above in an amount to be determined at trial.

43.    In addition, because Broadus has no adequate remedy at law to compensate him fully for the damages caused by Defendant's unlawful acts, as described herein, Broadus is entitled to a preliminary and permanent injunction prohibiting Defendant from unauthorized and unlawful use of Broadus' SNOOP DOGG trademark.

<u>**COUNT FOUR**</u>
<u>**(Pennsylvania Unfair Competition)**</u>

44.    Plaintiff Broadus repeats and reasserts the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45.    Defendant's acts and infringements described herein constitute unfair competition in violation of the laws of the Commonwealth of Pennsylvania.

46.    Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Broadus' expense.

47.    As a result of the unlawful acts described in this Complaint, Broadus is

entitled to recover from Defendant all damages that Broadus has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant a result of its infringing acts alleged above in an amount to be determined at trial.

48.     In addition, because Broadus has no adequate remedy at law to compensate him fully for the damages cause by Defendant's unlawful acts, as described herein, Broadus is entitled to a preliminary and permanent injunction prohibiting Defendant from unauthorized and unlawful use of Broadus' professional likeness, persona, and speech pattern and SNOOP DOGG trademark.

### COUNT FIVE
### (Unauthorized Use of Likeness, 42 Pa. Cons. Stat. § 8316)

49.     Plaintiff Broadus repeats and reasserts the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50.     Broadus' likeness has "commercial value" within the meaning of 42 Pa. Cons. Stat. § 8316.  Indeed, Broadus' likeness has enormous commercial value.

51.     Defendant used Broadus' likeness in the Barbera advertising campaign, including the August 22, 2005 advertisements, for commercial or advertising purposes without written consent by Broadus or any person, firm, or corporation authorized in writing by Broadus to license his likeness for commercial or advertising purposes.

52.     Defendant's unauthorized use of Broadus' likeness in the Barbera advertising campaign, including the August 22, 2005 advertisements, constitutes a violation of Pa. Cons. Stat. § 8316.

53.     Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Broadus' expense.

54.     As a result of the unlawful acts described in this Complaint, Broadus is entitled to recover from the Defendant all damages that Broadus has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant a result of its infringing acts alleged above in an amount to be determined at trial.

55.     In addition, because Broadus has no adequate remedy at law to compensate him fully for the damages caused by Defendant's unlawful acts, as described herein, Broadus is entitled to a preliminary and permanent injunction prohibiting Defendant from unauthorized and unlawful use of Broadus' professional likeness.

## COUNT SIX
### (Trademark Dilution, 15 U.S.C. § 1125(c) and 42 Pa. Cons. Stat. § 1124)

56.     Plaintiff Broadus repeats and reasserts the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.     This sixth claim is for trademark dilution under 15 U.S.C. § 1125(c) and 54 Pa. Cons. Stat. § 1124.

58.     Broadus' SNOOP DOGG trademark has a distinctive quality in the marketplace which is being diluted by the conduct of Defendant.

59.     Broadus' SNOOP DOGG is famous due to, among other factors, the inherent and acquired distinctiveness of the mark, the duration of Broadus' use and extent of advertising and publicity, the geographical extent of the trading area in which Broadus used his mark, and the degree of exposure of Broadus' mark in the geographical trading area and in the entertainment industry.

60.     Defendant's use of designations the same as or substantially similar to Broadus' SNOOP DOGG trademark, including use in commerce of these designations in

connection with its advertising campaign, and Defendant's use of designations the same as or

substantially similar to Broadus' SNOOP DOGG trademark in promoting its various services

have tended and will tend to dilute the distinctive quality of Broadus' mark and further have

diminished and will diminish the goodwill associated with that mark.

61.     Defendant's dilution of Broadus' trademark has caused irreparable

damage to Broadus and Defendant's use of Broadus' trademark will continue to cause such

damage unless enjoined by this Court.

62.     Broadus has no adequate remedy at law for Defendant's actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Calvin Broadus, prays for judgment against Defendant,

Gary Barbera Enterprises, Inc., as follows:

1.     Preliminary and permanent injunctive relief enjoining Defendant, and any

of its officers, directors, shareholders, agents, servants, representatives, employees, successors,

assigns, parents, subsidiaries, and affiliates, and all others acting in concert, participation, or

privity with it, from any unauthorized use of Broadus' likeness, persona, speech pattern, or

SNOOP DOGG trademark; and

2.     Awarding Broadus all appropriate damages, in an amount to be

determined at trial and which is no less than $2,000,000, including treble damages and the return

of all gains, profits, and advantages obtained by Defendant as a result of its infringing acts; and

3.     Awarding Broadus punitive damages for Defendant's deliberate and

willful conduct; and

4.     Awarding Broadus his reasonable attorneys' fees and costs incurred in

prosecuting this action, as well as his disbursements; and

5.     Awarding Broadus such other relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff, Calvin Broadus, demands a trial by jury of all issues so triable.


ER 1363
Ellen Rosen Rogoff (Pa. I.D. #43648)
Eric M. Hurwitz (Pa. I.D. #84251)
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, Pennsylvania  19103
(215) 564-8058
(215) 564-8120
erogoff@stradley.com
ehurwitz@stradley.com

Attorneys for Plaintiff, Calvin Broadus

OF COUNSEL:

Hayes F. Michel
Joshua W. Ruthizer
PROSKAUER ROSE LLP
2049 Century Park East
Los Angeles, California
Phone: (310) 284-2900
Facsimile: (310) 557-2193
hmichel@proskauer.com


Dated:  August 30, 2005

401791

EXHIBIT A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Trademarks > Trademark Electronic Search System (TESS)

## Trademark Electronic Search System(Tess)

*TESS was last updated on Fri Aug 26 04:16:18 EDT 2005*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [          ]  OR  Jump  to record: [          ]  **Record 4 out of 8**

| TARR Status | ASSIGN Status | TDR Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | **SNOOP DOGG** |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Series of musical sound and video recordings. FIRST USE: 19980811. FIRST USE IN COMMERCE: 19980811 |
| | IC 025. US 022 039. G & S: T-shirts and caps. FIRST USE: 19980000. FIRST USE IN COMMERCE: 19980000 |
| | IC 041. US 100 101 107. G & S: Entertainment services in the nature of live musical performances and music-based entertainment. FIRST USE: 19980000. FIRST USE IN COMMERCE: 19980000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76218071 |
| **Filing Date** | February 28, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 24, 2002 |
| **Registration Number** | 2697128 |
| **Registration Date** | March 18, 2003 |
| **Owner** | (REGISTRANT) Broadus, Calvin INDIVIDUAL UNITED STATES c/o Bloom, Hergott, Cook, Diemer and Klein, LLP 150 South Rodeo Drive, 3rd Floor Beverly Hills CALIFORNIA 90212 |
| **Attorney of Record** | Lawrence B Apolzon |

| | |
|---|---|
| **Prior Registrations** | 2278013 |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Other Data** | The wording "SNOOP DOGG" is a performing name that identifies a living individual whose consent is of record. |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
|---|---|---|---|---|---|---|---|---|---|

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |
|---|---|---|---|

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT B



## BIG PICTURE WEATHER
### NINE-DAY FORECAST

LATEST UPDATES ON FOX29 NEWS AT 10

| MON | TUE | WED | THU | FRI | SAT | SUN | MON | TUE |
|---|---|---|---|---|---|---|---|---|
| 87/62 | 78/60 | 80/62 | 81/62 | 82/64 | 82/65 | 82/65 | 90/60 | 78/62 |

**A BREAK FROM HUMIDITY**
Hello Monday, hello cold front! A sharp front slowly pushed through and we'll feel the change starting today. We can expect a comfortable day with temperatures in the 80s but lower humidity as this drier air mass pushes into the region. Tomorrow and Wednesday, especially overnight, will seem more like fall than summer. Enjoy.

**AT THE BEACH**
Starting today, temperatures will slowly decrease at the shore. It will certainly be the cool spot as a dry, cool inland breeze whips in behind the front. More clouds are expected along the coastline as the cold front stalls out right off the mid-Atlantic coast. Thunderstorms may also be the case at the shore later today as a weak wave of low pressure runs along the frontal boundary.

FOX 29 DAILY NEWS

### INSIDE TODAY

| NEWS | PAGE |
|---|---|
| DEATHS | 24 |
| HARRY S. GROSS | 20 |
| NATION/WORLD | 25 |

**DAILY VIEWS**
| | |
|---|---|
| EDITORIALS | 15 |
| LETTERS | 16 |

**YO!**
| | |
|---|---|
| COVER STORY | 27 |
| MOVIES | 32-33 |
| PUBLIC EYE | 30-31 |
| TATTLE | 30 |
| TELEVISION | 36-37 |

**SPORTS**
| | |
|---|---|
| SAM DONNELLON | 90 |
| RICH HOFMANN | 100 |
| SCOREBOARD | 73-77 |

**COLUMNISTS**
| | |
|---|---|
| JOHN M. BAER | 5 |

**IN EVERY ISSUE**
| | |
|---|---|
| CLASSIFIED ADS | 41-70 |
| COMICS | 38-39 |
| CROSSWORD/PUZZLES | 34 |
| DEAR ABBY | 38 |
| HOROSCOPE | 39 |
| LOTTERY/LUCKY LEA | 34 |

### STAY IN TOUCH

CITY DESK ............................... 215-854-5900
CITY DESK FAX ...................... 215-854-5910
CONTEST LINE ...................... 215-854-4693
SPORTS ................................... 215-854-5700
SPORTS FAX .......................... 215-854-5867
YO! / LIFESTYLE .................... 215-854-5867
YO! FAX ................................. 215-854-5862
CORRECTIONS ...................... 215-854-5030
When we've made an error, we'll say so. If we need to clarify a point, we'll do that as well, and we'll do so on Page 4. If you have a concern about our coverage, please call Leneus Biggs at 215-854-5030 or e-mail - DNcorrections@phillynews.com
DELIVERY:
Store / NewsstandD ............. 215-854-2750
Home / Office ...................... 215-665-1234
Outside Philly ....................... 800-222-2765
Hearing Impaired ............... 215-854-2630
ADS
Classified ............................. 800-341-3413
Display ........ Eric Mayberry, 215-854-5396
.................... DNAds@phillynews.com
BACK ISSUES (60 days) ...... 215-854-4449
REPRINTS
Stories ................................. 888-414-4534
.................... KnightRidder@reprintbuyer.com
Permissions .......................... 888-825-3647
.................... PhiladelphiaNews@valeop.com
Photo ................................... 215-854-2628

EDITORIAL OFFICE
400 N. Broad St.
Philadelphia, Pa. 19130

philly@com
THE REGION AT YOUR FINGERTIPS

Vol.81 No.123
© 2005 Philadelphia Newspapers Inc.

DAILY NEWS

The Philadelphia Daily News, a Knight Ridder newspaper, is published daily except Sundays and holidays at 400 N. Broad St., Philadelphia, Pa. 19130. Periodical rate postage paid at Philadelphia and additional mailing offices. Mail subscriptions rates $361 per year. $27 per 4 weeks. Postmaster: Send address changes to the Philadelphia Daily News, Box 7788, Philadelphia, PA 19101. Home delivery rates weekly, where available, Monday to Saturday $3.65. Single copy rate .50 cents. For questions regarding service complaints, billing inquiries, vacation stops, or Easy Pay please contact our Customer Service Department at our website, www.service.philonline.com or call our Customer Service Center: 215-665-1234, 1-800-222-2765. Customer service hours: Monday-Friday 6 a.m. to 6 p.m. Saturday 8 a.m. to 12:30 p.m. We guarantee that your paper will be delivered to you by 6:30 a.m. Monday-Friday, and by 8 a.m. Saturday. Please call by 10 a.m. daily or by 11:30 a.m. Saturday if you do not receive your paper and we will deliver a replacement.

‹ KNIGHT RIDDER ›





Lee Iacocca

## 2 BIG DAYS! MONDAY & TUESDAY!

### GARY BARBERA'S
# EMPLOYEE PRICING EVENT!
## YOU PAY WHAT WE PAY!
### Is Bar-BIZZLE The SH-izzle?
Boy I Gu-IZZLE!

ASCENSION TV

## YOUR CHOICE!
MAGNUMS + CHARGERS

# $19,990!
## YOU WANT IT... WE'VE GOT IT!

BEST SELECTION | DISCOUNTED PRICES | LOW PAYMENTS | HUGE SAVINGS!

'02 DODGE INTREPID  $9,999!
'04 CHRYSLER SEBRING  $8,599/$146 A Mo!
'04 DODGE NEON  $9,300/$171 A Mo!
'05 PT CRUISER  $12,399/$199 A Mo!

'04 DODGE STRATUS  $12,701/$216 A Mo!
'04 JEEP LIBERTY  $14,901/$257 A Mo!
'04 JEEP WRANGLER  $16,903/$285 A Mo!
'04 STRATUS RT  $15,401/$263 A Mo!

#1 MINIVANLAND!
15 To Choose!
'05 GRAND CARAVAN  $288 A Mo!

'04 DAKOTA CLUB  $14,999/$233 A Mo!
'05 CHRYSLER PACIFICA  $20,901/$369 A Mo!

SIGN-N-GO AVAILABLE!

#1 DODGELAND
# GARY BARBERA
6719 Ridge Avenue In   Roxborough   215-482-0200
All We Do Is Discount Dodges, Service & Credit!



2 BIG DAYS! MONDAY & TUESDAY!

GARY BARBERA'S

**EMPLOYEE PRICING** Plus!

Lee Iacocca   Is Bar-BIZZLE The SH-izzle?

"Baby Bentley" 300's

Boy! Gu-IZZLE!

"If The Car Is Fly... Then You Must Buy!"

TV **$19,990!**

**YOU WANT IT...WE'VE GOT IT!**

**HUGE DISCOUNTS!**

BEST SELECTION   DISCOUNTED PRICES   LOW PAYMENTS   HUGE SAVINGS!

'01 PLYMOUTH NEON
$5,190 / $89 A Mo!

'00 CHEVY CAVALIER
$6,290 / $109 A Mo!

'02 CHEVY MALIBU
$6,890 / $119 A Mo!

**#1 DOORBUSTERS!**

MERCURY SABLE LS
$7,990 / $139 A Mo!

'01 CHEVY MONTE CARLO
$7,990 / $139 A Mo!

'01 GMC JIMMY
$9,790 / $169 A Mo!

#1 CHRYSLERLAND #1 JEEPLAND

**GARY BARBERA**

7810 Roosevelt Boulevard in The Great Northeast   215-333-3700

All We Do Is Discount Chryslers & Jeeps

# HIGH & INSIDE

## No Bush-league biker

LANCE ARMSTRONG WENT for a bike ride and wound up begging his riding partner for money.

Odd that Armstrong, seven-time Tour de France champ and a very, very rich man himself, would beg for money? Not when his partner is President Bush, and the money he was seeking was for cancer research.



"I've never asked someone for so much money before," Armstrong, a cancer survivor, told ABC's "This Week" for yesterday's broadcast.

During their 2-hour ride on Saturday at Bush's ranch in Crawford, Texas, Armstrong urged Bush to spend more federal money on cancer research. Armstrong said he commended Bush on his riding. "That old boy can go," Armstrong said. "I didn't think he would punish himself that much, but he did."

**Mighty Mike**

During the Kansas City Royals' 19-game losing streak, first baseman Mike Sweeney maintained a positive outlook on the game, and life.

While the team was in Seattle last week, Sweeney reunited with 15-year-old cancer patient Morgan Cain. The two first met in 2002 after Sweeney read a story about Cain and learned he was the boy's favorite player. Sweeney invited Cain and his family to a game at Safeco Field then, and surprised them with tickets again last week.

Cain, who is coming off a difficult spinal treatment that has restricted him to a wheelchair, still has hopes of playing baseball again.

"Morgan is restricted to a wheelchair, and his dream is that he can continue playing Little League baseball," Sweeney said. "Here we are pouting about a tough spell we're going through. We are still very blessed. We're doing something I've dreamed of doing since I was 4 years old." ★

— *Bob Cooney*



**WATCH DAILY NEWS LIVE** Today, 5-6:30 p.m.

Tonight's show will feature Dana Pennett O'Neil, Dick Jerardi, Les Bowen of the Daily News staff. Daily News Live, on Comcast SportsNet, is hosted by Michael Barkann. Today's host is Derrick Gunn.

comcast   SPONSORED BY DODGE

SPORTS

INDEX

MaKIE A LAKER?

Agent says former Sixer Aaron McKie has agreed to 2-year deal. Page 100

A LITTLE REALITY

Council Rock-Newtown goes down quietly but not quietly in Little League World Series. Sam Donnellon, Page 90

TIGER AGAIN

Tiger Woods posts his fifth victory this year. Page 85

NFL Report   72

Scoreboard   77-73

Fast Facts   80

Univ. Games   81

U.S. Amateur   87

SPORTS DESK
215-854-5700
SPORTS FAX
215-854-5524
E-MAIL
dnsports@
phillynews.com